### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

WILLIAM ONEIROMANCER, and
STARSHA ONEIROMANCER,

    Plaintiffs,

v.

BUREAU OF COLLECTION RECOVERY, INC., a Minnesota corporation,

    Defendant.

### COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiffs reside here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff William Oneiromancer is a natural person who resides in the City of Fort Morgan, County of Morgan, State of Colorado.

5. Plaintiff William Oneiromancer is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff Starsha Oneiromancer is a natural person who resides in the City of Fort Morgan, County of Morgan, State of Colorado.

7. Plaintiff Starsha Oneiromancer is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant, Bureau of Collection Recovery, Inc., is a Minnesota corporation operating from an address at 7575 Corporate Way, Eden Prarie, Minnesota, 55344.

9. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

10. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. The Defendant is licensed as a collection agency by the state of Colorado.

12. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

13. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

14. Sometime before December 2007 Plaintiff William Oneiromancer allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

15. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. The Account went into default with the original creditor.

17. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from Plaintiff William Oneiromancer.

18. In the year prior to the filing of the instant action the Plaintiffs received telephone calls from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiffs called the Defendant in response to the telephone calls. These telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

19. During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to sue the Plaintiffs and to take them to Court.

20. During the telephone calls the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to garnish the Plaintiffs' wages.

21. In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly called Plaintiffs multiple times a day to annoy, abuse and harass the Plaintiffs.

22. The Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiffs on or about November 11, 2008 at or around 9:34 am, 2:21 pm, 4:47 pm and 7:33 pm Mountain Standard Time.

23. The Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiffs on or about November 12, 2008 at or around 9:05 am, 1:01 pm and 4:24 pm Mountain Standard Time.

24. The Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiffs on or about November 20, 2008 at or around 8:20 am, 11:25 am, 2:23 pm, 4:25 pm and 7:31 pm Mountain Standard Time.

25. The Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiffs on or about November 25, 2008 at or around 8:41 am, 10:55 am, 2:01 pm, 3:51 pm, 5:28 pm and 7:18 pm Mountain Standard Time.

26. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiffs.

27. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(5).

28. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

29. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

30. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiffs into paying the alleged debt.

31. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

32. As a consequence of the Defendant's collection activities and communications, the Plaintiffs have sustained actual damages.

## RESPONDEAT SUPERIOR

33. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

34. The representatives and / or collectors at the Defendant were acting within the course and scope of their employment at all times mentioned herein.

35. The representatives and / or collectors at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

36. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

37. As a direct and proximate result of the aforesaid actions, the Plaintiffs have suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

38. The previous paragraphs are incorporated into this Count as if set forth in full.

39. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), d(5), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), e(11) and § 1692f preface.

40. The Defendant's violations are multiple, willful and intentional.

41. Pursuant to FDCPA section 1692k the Plaintiffs are entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiffs are entitled to and hereby demand a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiffs pray that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiffs